IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

LORAN J. FORBES,

        Defendant.

No. CIV S-05-2111 WBS PAN (GGH) PS

FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff moves for summary judgment on its complaint filed October 20, 2005, and seeks an order of the court declaring null and void a Uniform Commercial Code ("UCC") Financing Statement filed by defendant on February 25, 2005, and enjoining defendant from filing similar documents in the future.

        This action was referred to this court pursuant to E.D. Cal. L.R. 72-302(c)(21). As oral argument was unnecessary to resolve these matters, the hearing scheduled for December 14, 2005, was vacated and the court issues these findings and recommendations.

BACKGROUND

        The undisputed facts are these: On February 25, 2005, defendant filed with the California Secretary of State a UCC Financing Statement, Document Number 05-7017217898,

\\\\

1

that purports to encumber the real and personal property[1] of the following individuals in a combined lien of $59,352,469.92: Internal Revenue ("IRS") Commissioner Mark W. Everson; IRS employees Gwendolyn Miller-Washington, Paula Mills, Michael M. McDonnell, Stephen L. Armi, James Clerf, Dennis Parizek and Thomas Mathews; IRS attorney John D. Faucher; and the Honorable Diane L. Kroupa, U.S. Tax Court judge.

Each IRS official against whom Mr. Forbes filed the lien, with the exception of IRS Commissioner Mark Everson, has filed a declaration stating that he or she is not personally acquainted with Mr. Forbes, has not had any contact with Mr. Forbes other than in his or her official capacity,[2] has never engaged in any personal or contract action with Mr. Forbes, and does not owe money to Mr. Forbes.

The United States asserts defendant filed the lien to harass and retaliate against the above-named individuals after Judge Kroupa ruled against defendant in an IRS collection due

\\\\

\\\\

---

[1] The Statement asserts that "All personal and real property; bank accounts, foreign and domestic; private exemptions; government risk management accounts; insurance policies; stocks and bonds; asset accounts; investments and future earnings of the Debtors is now the property of the Secured Party." Exhibit A to Jennings Decl.

[2] Tax Court Judge Diane L. Kroupa states that she decided a collection due process action against Mr. Forbes in T.C. No. 15591-03L; IRS Revenue Officer Gwendolyn Miller-Washington states that she was assigned a collection case against Mr. Forbes in 2002, pursuant to which she sent Mr. Forbes a final notice and demand for payment, and filed a notice of federal tax lien; IRS Appeals Team Manager Paula Mills states that she signed a notice of determination after a collection due process hearing reversed collection for 1998 and sustained collection against Mr. Forbes for 1999; IRS Appeals Officer Michael McDonnell states that he processed a request by Mr. Forbes for a collection due process hearing that sustained the collection, and signed several letters to Mr. Forbes; IRS Appeals Officer Stephen Armi states that he was assigned to an unsuccessful administrative appeal by Mr. Forbes resulting in the imposition of a penalty; IRS Appeals Officer James Clerf states that he processed a request by Mr. Forbes for a collection due process hearing and attended the hearing; IRS Operations Manager Dennis Parizek states that his name appears on IRS correspondence to Mr. Forbes; IRS Field Director Thomas Mathews states that his machine-printed signature appeared on statutory notices of deficiency and notices of claim allowance sent to Mr. Forbes; and IRS attorney John Faucher states that he was assigned to represent the government in two successful collection due process actions against Mr. Forbes, T.C. No. 15088-03L and T.C. No. 15591-03L.

2

1 | process matter (T.C. No. 15591-03L).[3]

2 |         Defendant has filed the following documents in response to plaintiff's motion for summary judgment: (1) "Amended Petition to Dismiss in the Nature of a Demurrer," wherein defendant "grants limited jurisdiction" to this court "for this petition only" and "accepts the oaths of office" of the District and Magistrate Judges assigned to this case, the Clerk of Court, the U.S. Attorney and the U.S. Marshal; (2) notices of "Acceptance of Oath of Office" addressed to the same officials and IRS Attorney G. Patrick Jennings purporting to create private contracts pursuant to which each official will faithfully execute their official duties vis a vis defendant; (3) an "Affidavit of Denial of Corporate Existence" averring defendant's refusal to acknowledge more than a dozen "corporations" including the IRS, the California Franchise Tax Board, the United States, the State of California, the County of Los Angeles and the District and Magistrate Judges assigned to this case; (4) a notice and amended notice of "Conditional Acceptance of United States' Notice of Entry of Related Tax Court Decision and Motion to Seek and Order Nullifying False Lien Filings and Commercial Affidavit of Truth in Support of Conditional Acceptance and Waiver of Tort;" and (5) a "Notice of International Commercial Claim within the Admiralty Administrative Remedy." In addition, plaintiff has filed (1) a "Notice of Private Bond" ("No. RA060691776US") purported to be "held in bailment by an independent third party under contract" for the purpose of creating an "escrow" to "indemnify" any party "injured" by this action; (2) a "Notice of Counterfeit Securities" and allegation of fraud against the IRS; and (3) a "Request for Consideration of Venue" challenging the court's jurisdiction.

---

[3] Plaintiff has informed the court that defendant filed a second action in Tax Court on June 13, 2004, seeking redetermination of deficiency determinations, lien and levy actions for tax years 1997, 2000 and 2001. Forbes v. Commissioner, T.C. No. 11238-05L, T.C. Memo 2006-10 (January 24, 2006). The Tax Court decided against Mr. Forbes on January 24, 2006, granting the IRS' motion to dismiss. See United States' Notice of Entry of Related Tax Court Decision, filed in this action January 25, 2006. The Tax Court rejected Mr. Forbes' arguments he was entitled to relief under the UCC and pursuant to "administrative judgment by estoppel," finding the arguments "frivolous and groundless." The Tax Court imposed a $20,000 penalty against Mr. Forbes under 26 U.S.C. § 6673, finding that his action was frivolous and filed "primarily for delay." The decision of the Tax Court is not precedent for this court. 26 U.S.C. § 7463(b).

3

SUMMARY JUDGMENT STANDARDS

Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases with no disputed material facts. See Northwest Motorcycle Ass'n v. United States Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). Two steps are necessary. First, according to the substantive law, the court must determine what facts are material. Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial. See id. at 248, 106 S. Ct. 2510.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. See e.g., Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885, 110 S. Ct. 3177, 3187 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. See Celotex v. Cattret, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986).

If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).[4] The opposing party must demonstrate that disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, see Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, see T.W. Elec., 809 F.2d at 631.

---

[4] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. Celotex, 477 U.S. at 322, 106 S. Ct. at 2552.

1  The opposing party may not rest upon the pleadings' mere allegations or denials, but must present
2  *evidence* of specific disputed facts. See Anderson, 477 U.S. at 248, 106 S. Ct. 2510.[5] Conclusory
3  statements cannot defeat a properly supported summary judgment motion. See Scott v.
4  Rosenberg, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

5      The court does not determine witness credibility. It believes the opposing party's
6  evidence, and draws inferences most favorably for the opposing party. See Anderson at 249, 255,
7  106 S. Ct. at 2510-11, 1513. Inferences, however, are not drawn out of "thin air," and the
8  proponent must adduce evidence of a factual predicate from which to draw inferences. American
9  Int'l Group, Inc. v. American Int'l Bank, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,
10 dissenting) (citing Celotex, 477 U.S. at 322, 106 S. Ct. at 2552).

11     If reasonable minds could differ on material facts at issue, summary judgment is
12 inappropriate. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). On the other
13 hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the
14 nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct.
15 1356 (citation omitted). In that case, the court should grant summary judgment.

16 ANALYSIS

17     District courts have jurisdiction to "render such judgments and decrees as may be
18 necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).
19 This authority "empowers the district court to void common-law liens imposed by taxpayers on
20 the property of government officials assigned to collect delinquent taxes." Ryan v. Bilby, 764
21 F.2d 1325, 1327 (9th Cir. 1985); see also, Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035
22 (9th Cir. 1985), cert. denied, 476 U.S. 1183 (1986) (affirming district court's release of liens
23 imposed by taxpayers on the property of government officials); U.S. v. Van Dyke, 568 F. Supp.

---

[5] A verified complaint may be used as an affidavit in opposition to the motion.
Schroeder v McDonald, 55 F. 3d 454, 460 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196,
197-98 (9th Cir. 1987) (per curiam).

5

1  820 (D.Or.1983) (enjoining the filing of common-law liens to harass IRS employees and deter tax
2  law enforcement); accord, U.S. v. Ekblad, 732 F.2d 562, 563 (7th Cir.1984) (U.S. has standing
3  under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1345 "to seek relief from actual or threatened
4  interference with the performance of its proper governmental functions"); U.S. v. Hart, 701 F.2d
5  749, 750 (8th Cir.1983) (finding jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340,
6  1345 and 1357); U.S. v Andra, 923 F. Supp.157, 159-160 (D. Idaho 1996) (granting declaratory
7  and injunctive relief against tax protestors who filed real property liens against IRS agents).

Defendant's several documents filed in "opposition" to plaintiff's motion for summary judgment fail to demonstrate a material factual dispute. Only defendant's "Amended Petition to Dismiss in the Nature of a Demurrer" sets forth a purported "Statement of Facts," which instead lists defendant's legal conclusions.[6] Defendant has neither complied with E. D. Cal. L. R. 56-260(b) (requiring that the party opposing a summary judgment motion admit or deny the moving party's statement of undisputed facts and submit supporting evidence), nor has defendant submitted any material facts or evidence responsive to plaintiff's supported allegations the lien is invalid. Significantly, defendant has produced no evidence demonstrating that the challenged UCC Financing Statement is supported by any legitimate debt.

Accordingly, this court FINDS that UCC Financing Statement No. 05-7017217898, filed by defendant on February 25, 2005, is a frivolous device intended to harass the

---

[6] Defendant itemizes the following "Statement of Facts" in his Amended Petition to Dismiss in the Nature of a Demurrer:" "(1) Loran: Forbes expressly reserves the substantive law and his de jure constitutionally protected Rights; (2) Loran: Forbes expressly does not waive the de jure substantive Law or his legal Rights; (3) Loran: Forbes expressly does not waive any of his Rights; (4) Loran: Forbes expressly does not consent to contract and will not contract with the above named court under color of law in the de facto STATE OF CALIFORNIA; (5) Under substantive Law of the de Jure State of California, a cause of action can only be brought for breach of contract or tort injury; (6) Loran: Forbes is not in receipt of any evidence of a contract between Plaintiff and Loran: Forbes and believes that none exists; (7) There is no real party of interest to allege a tort injury under the substantive Law in the above captioned matter; (8) Loran: Forbes is not in receipt of any facts to support the allegations in Plaintiff's unverified complaint and believes that none exist; (9) The complaint does not state facts sufficient to state a cause of action against Loran: Forbes in the de Jure State of California; (10) Plaintiff fails to state a claim upon which relief can be granted."

1  named IRS officials and employees, and therefore RECOMMENDS that it be declared null, void,
2  and without legal effect.
3  Plaintiff also seeks a permanent injunction enjoining defendant from filing any
4  document or instrument which purports to create a non-consensual lien or encumbrance of any
5  kind against any employee of the federal government.
6  "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before
7  a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable
8  injury; (2) that remedies available at law, such as monetary damages, are inadequate to
9  compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and
10 defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved
11 by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., __ S. Ct._, 2006 WL 1310670, *2
12 (May 15, 2006), citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-313, 102 S. Ct. 1798
13 (1982) and Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987).
14 "Permanent injunctive relief is warranted where . . . defendant's past and present misconduct
15 indicates a strong likelihood of future violations." Orantes-Hernandez v. Thornburgh, 919 F.2d
16 549, 564 (9th Cir. 1990) (citations omitted). "In seeking a permanent injunction, the moving party
17 must convince the court that relief is needed: 'The necessary determination is that there exists
18 some cognizable danger of recurrent violation, something more than the mere possibility which
19 serves to keep the case alive.'" Cummings v. Connell, 316 F.3d 886, 898 (9th Cir. 2003) (quoting
20 United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)). In making this determination, the
21 court may consider "the degree of scienter involved; the isolated or recurrent nature of the
22 infraction; the defendant's recognition of the wrongful nature of his conduct; the extent to which
23 the defendant's professional and personal characteristics might enable or tempt him to commit
24 future violations; and the sincerity of any assurances against future violations." United States v.
25 Laerdal Mfg. Corp., 73 F.3d 852, 854-855 (9th Cir. 1995).
26 \\\\

These factors are met. Plaintiffs' injuries are significant, both presently and prospectively: to plaintiffs' reputations, credit ratings, titles to personal property, and the performance of their official duties. While declaratory relief will stem temporarily, the injuries created by defendant's current filings, defendant's demonstrated propensity to file unsubstantiated "official" documents can be halted only by an equitable remedy. Defendant's documents filed subsequent to his "opposition" to the motion for summary judgment, including his "Notice of Private Bond" and "Notice of Counterfeit Securities," demonstrate a "cognizable danger of recurrent violation" in filing unsupported "official" documents comparable to the fraudulent UCC Financing Statement that underlies this action. A permanent injunction will result in no bonafide hardship to defendant because his filings are unsubstantiated; however, significant and continuing hardship will beset plaintiffs and others similarly situated if an injunction does not issue. Additionally, the public interest is served by protecting private individuals in the exercise of their official duties.

Accordingly, this court FURTHER RECOMMENDS that defendant be permanently enjoined from filing any similar document.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

(1) plaintiff's motion for summary judgment filed November 10, 2005, be granted;

(2) UCC Financing Statement, Document Number 05-7017217898, filed by defendant on February 25, 2005, be adjudged and declared null, void and without legal effect;

(3) leave be granted for plaintiff to file the judgment and order of this court with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to UCC Financing Statement, Document Number 05-7017217898, have, or may have, been filed by defendant;

(4) defendant Loran J. Forbes, his agents, employees and any other participants, be permanently enjoined from filing or attempting to file any document or instrument which purports

to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States; and

   (5) plaintiff United States be awarded its costs and reasonable attorneys' fees incurred in this action, based upon an accounting filed with this court within twenty (20) days of service of the district judge's order.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/23/06

          /s/ Gregory G. Hollows

          GREGORY G. HOLLOWS
          U. S. MAGISTRATE JUDGE

NOW6: FORBES.MSJ.tax